265 F.2d 734
 UNITED STATES of America, Plaintiff-Appellant,
v.
ONE 1957 LINCOLN PREMIERE, Motor No. 57 WA 7757L, Defendant,
Southeast National Bank, Claimant-Appellee.
 No. 12532.
 United States Court of Appeals Seventh Circuit.
 April 17, 1959.
 
 Robert Tieken, U. S. Atty., Chicago, Ill., Donald S. Manion, John P. Lulinski, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellant.
 Jason Ernest Bellows, Charles A. Bellows, Chicago, Ill., for appellee.
 Before SCHNACKENBERG, PARKINSON and KNOCH, Circuit Judges.
 PARKINSON, Circuit Judge.
 
 
 1
 On June 26, 1957, one James Norwood was arrested by officers of the Chicago Police Narcotic Bureau in connection with an investigation of narcotic law violations. Norwood named the person from whom he had received the narcotics in his possession at the time of his arrest. Norwood agreed to cooperate in the apprehension of the supplier and Officer Sims directed him to call Melvin Harris. In the presence of Officers Sims and Bryson, Norwood placed a telephone call to Metropolitan Sundries & Liquors, a store located on the southeast corner of 45th and South Park Avenue in Chicago. The call was made from a restaurant diagonally across the intersection. Norwood said: "This is Norwood. I want the same thing that I got yesterday." Then, after a short pause, he said: "Yes, I have the money."
 
 
 2
 Norwood and Officers Sims and Bryson then left the restaurant. Sims and Norwood got into a waiting automobile with Officer Bingham and drove directly to Norwood's home at 1524 East 62nd Street in Chicago arriving there about 10:00 P.M. Officers Bryson and Urso remained at the corner of 45th and South Park Avenue. About 10:30 P.M. a phone call was received by Norwood at his home. Officers Sims and Bingham listened in with Norwood's permission. The telephone caller said: "This is Melvin calling back. Meet me at 62nd and Stony Island at eleven o'clock. Be there on time because I don't want to hang around there too long." Norwood said: "I'll be there." Melvin then said: "Do you have the bread?" ("Bread" meaning money in narcotic jargon.) Norwood said: "Yes, I have the money, and I'll be at 62nd in my car at eleven o'clock."
 
 
 3
 Between 10:30 and 10:45 P.M., Officers Urso and Bryson, who were stationed at the corner of 45th and South Park Avenue, saw Melvin Harris, who was known to both officers, get into the defendant Lincoln Premiere automobile and drive away. They followed Harris to 1114 East 45th Street where he parked and went indoors. No one approached the defendant automobile and in about four or five minutes Harris returned and drove on. Urso and Bryson followed him east on 45th Street to Woodlawn and south on Woodlawn to 55th Street. There they lost Harris in traffic. They then immediately proceeded to 62nd and Stony Island arriving there in about two or three minutes. Harris parked defendant automobile between 61st and 62nd on the west side of Stony Island. Urso and Bryson pulled up behind defendant automobile. Urso arrested Harris, who was then standing on the sidewalk beside the automobile. Harris was searched and found to have narcotics unlawfully in his possession.
 
 
 4
 The following day Harris was interviewed by Federal Narcotics Agent Newey. Harris told Newey that he had been arrested the night before with narcotics on his person and had driven the defendant automobile to 62nd and Stony Island prior to his arrest. Agent Newey then seized the defendant automobile pursuant to Title 49 U.S.C.A. § 781 et seq.
 
 
 5
 Thereafter libel for forfeiture was filed. The claimant-appellee Southeast National Bank, assignee of the conditional vendor, asserted claim to the defendant automobile.
 
 
 6
 At the conclusion of the evidence on a bench trial, the District Court granted a motion for judgment in favor of the claimant; entered findings of fact and conclusions of law, wherein it concluded "that the government did not establish probable cause for the seizure of the defendant automobile;" dismissed the libel; and ordered the automobile released to the claimant bank. This appeal followed.
 
 
 7
 The only question presented by this appeal is whether the evidence is sufficient to establish probable cause for the institution of the libel proceedings. 19 U.S.C.A. § 1615.
 
 
 8
 The undisputed facts are that Melvin Harris unlawfully had narcotics in his possession when he was arrested at 62nd and Stony Island. It is obvious from the testimony set forth that he had the contraband with him when he left 45th and South Park Avenue or picked it up at 1114 East 45th Street enroute. Thus Harris used defendant automobile to facilitate the transportation of contraband within the meaning of 49 U.S. C.A. § 781. Even if we were to adopt the theory that the narcotics were received by or delivered to Harris after he arrived at 62nd and Stony Island, which is highly improbable to say the least, he would still have utilized the defendant automobile to facilitate the receipt or possession of the narcotics. There is no other possibility. Accordingly it is immaterial whether we adopt the theory of the Government or the claimant, in either event the evidence clearly shows that Melvin Harris used the defendant automobile in violation of the statute. The conclusion of the District Court that probable cause for the seizure of the defendant automobile is not shown by the evidence is clearly erroneous. United States v. One 1949 Pontiac Sedan, 7 Cir., 1952, 194 F.2d 756.
 
 
 9
 Although the claimant bank concedes that innocence and good faith is not a defense to forfeiture it argues that such innocence "places a greater burden upon the government in a case where circumstantial evidence is relied upon to prove probable cause." It is significant that claimant cites no authority in support. The reason is self-evident. There is none. Even if such be the law, and we are not so holding, the evidence in this record is so clear and convincing that we believe that burden has been met.
 
 
 10
 Judgment reversed and cause remanded with instructions to enter judgment of forfeiture in favor of the libellant.