**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph WING LEONG, Defendant-Appellant.**

**No. 13192.**

United States Court of Appeals Seventh Circuit.

March 17, 1961.

Rehearing Denied April 12, 1961.

Melvin B. Lewis, Frank W. Oliver, Chicago, Ill., for defendant-appellant.

Robert Tieken, U. S. Atty., Charles R. Purcell, Jr., Asst. U. S. Atty., Chicago, Ill. (John Peter Lulinski and Alice M. McClanahan, Asst. U. S. Attys., Chicago, Ill., of counsel), for plaintiff-appellee.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

The government brought this civil action to recover penalties for unlawful importation of merchandise under Title 19 U.S.C.A. § 1595a(b). The District Court denied defendant's motion to strike both the second amended complaint and the government's motion for summary judgment, and granted summary judgment for the government, from which the defendant has appealed.

The second amended complaint sets out defendant's conviction on an indictment in six counts, for smuggling and unlawfully removing from bond, 201 boxes containing dehydrated foods, canned foods,

medicine and tea, in violation of Title 18 U.S.C. §§ 545 and 549. The second amended complaint further alleges that on the date in the indictment, May 9, 1956, defendant aided in the importation, removal and concealment of 201 packages of Chinese food stuffs, tea and drugs, which were introduced and smuggled into the United States from Canada contrary to law. It is also alleged that the merchandise was seized in 1956 by the Collector of Customs and appraised under Title 19 U.S.C.A. § 1606 at $5,600, for which judgment was sought and entered.

Defendant's answer admitted the conviction, denied the valuation placed on the merchandise, and asserted that the government could not recover both the merchandise and its value.

In support of its motion for summary judgment, the government filed an Assistant United States Attorney's affidavit which stated that the merchandise "was appraised in accordance with Section 606 of Tariff Act (19 U.S.C. 1606) at a value of $5,600; * * *"

█ We agree with defendant that summary judgment was not warranted here. The value of the merchandise was contested. The affidavit makes no showing of personal knowledge or competence to testify as to value. The pertinent facts as to the value of the merchandise are peculiarly within the knowledge of the government. The affiant is an interested witness. The appraisal, at best, consists of a quotation of expert opinion, which the trier of the facts would be free to disbelieve. Defendant should have an opportunity to disprove or discredit such evidence, if he can. Sartor v. Arkansas Natural Gas Corp., 1944, 321 U.S. 620, 624, 627, 64 S.Ct. 724, 88 L.Ed. 967, and cases cited therein; Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016, 1022.

█ We do not agree with defendant's interpretation of the pertinent statutes as barring this action. Section 1595a reads:

"(a) Except as specified in the proviso to section 1594 of this title, every vessel, vehicle, animal, aircraft, or other thing used in, to aid in, or to facilitate, by obtaining information or in any other way, the importation, bringing in, unlading, landing, removal, concealing, harboring, or subsequent transportation of any article which is being or has been introduced, or attempted to be introduced, into the United States contrary to law, whether upon such vessel, vehicle, animal, aircraft, or other thing or otherwise, shall be seized and forfeited together with its tackle, apparel, furniture, harness, or equipment.

"(b) Every person who directs, assists financially or otherwise, or is in any way concerned in any unlawful activity mentioned in the preceding subsection shall be liable to a penalty equal to the value of the article or articles introduced or attempted to be introduced."

Title 18 U.S.C. § 545 reads:

"Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced, or makes out or passes, or attempts to pass, through the customhouse any false, forged or fraudulent invoice, or other document or paper; or

"Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law—

"Shall be fined not more than $10,000 or imprisoned not more than five years, or both. * * *

"Merchandise introduced into the United States in violation of this section, *or the value thereof,* to be re-

covered from any person described in the first or second paragraph of this section, shall be forfeited to the United States. * * * " [Emphasis added]

Defendant stresses the fact that the disjunctive "or" is employed here.

The former section, Title 19 U.S.C.A. § 483(b) read:

" * * * any person who assists, finances, directs, or is otherwise concerned in the unlading, bringing in, importation, landing, removal, concealment, harboring, or subsequent transportation of any such merchandise exceeding $100 in value, or into whose control or possession the same shall come without lawful excuse, shall, *in addition to any other penalty,* be liable to a penalty equal to the value of such goods * * * or to imprisonment for not more than five years, or both * * * " [Emphasis added]

The defendant thus argues that deletion of the italicized words "in addition to any other penalty" indicates that Congress intended the new Section 1595a to have no application where criminal penalties had already been imposed.

While the record before us does not indicate whether or not the merchandise has been forfeited, it is apparent that it has been seized.

The District Judge relied on the legislative history of Sections 1595a and 545, as follows:

"Subsection (b) * * * is presently limited in application to cases in which the value of the merchandise unlawfully introduced exceeds $100. This limitation is removed * * * so that cases involving petty smuggling may be settled administratively by the assessment of a penalty equal to the value of the goods rather than by criminal action which is now the only possible action under this subsection when the value of the merchandise is $100 or less. The criminal sanction is eliminated since it is a practical duplication of Sec-

tion 545 of Title 18, United States Code." [1954 U.S. Code Congressional and Administrative News, pp. 3905, 3906]

and

"Section 507 would amend Section 545 of Title 18 of the United States Code under which smuggled merchandise may be forfeited to the United States. Under that Section the Government may not recover the value of goods illegally introduced into the commerce of the country * * *. The amendment proposed by Section 507 of the bill would permit the forfeiture of the value of merchandise imported contrary to law, to be recovered from persons involved or implicated therein when such merchandise is not available for seizure." [1954 U.S. Code Congressional and Administrative News, p. 3907]

The District Court therefore concluded that Congress intended by Section 1595a to provide for a civil or remedial sanction in addition to the penal sanction as a further deterrent against violations of the Customs Laws, citing U. S. ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443.

■■ The forfeiture of the merchandise, or the value thereof where the merchandise is not available for seizure, is an *in rem* remedy. An instrument of customs offenses may be forfeited even where the owner of it is innocent. U. S. v. One 1957 Lincoln, 7 Cir., 1959, 265 F.2d 734, 736, certiorari denied, sub nom. South East National Bank v. U. S., 361 U. S. 828, 80 S.Ct. 76, 4 L.Ed.2d 70. The civil penalty is *in personam.* The government is not required to elect its remedy under Section 545 or 1595a.

The judgment entered on the motion for summary judgment is reversed and the cause is remanded for further proceedings on the pleadings as there is a genuine issue of material fact as to value.

Affirmed in part. In part reversed and remanded.