**UNITED STATES of America, Plaintiff-Appellee,**

v.

**ONE 1974 CADILLAC ELDORADO VIN: 6L47S40431975, Registered to Willie E. Farrow, Defendant-Appellant,**

v.

**Willie E. FARROW, as Owner of the Vehicle, Appellant.**

**No. 863, Docket 78-6007.**

United States Court of Appeals, Second Circuit.

Argued April 20, 1978.

Decided from the Bench April 20, 1978.

Opinion May 1, 1978.

Hugh B. Scott, Asst. U. S. Atty. (Richard J. Arcara, U. S. Atty. for the Western District of New York, Buffalo, N. Y., on brief), for plaintiff-appellee.

Herbert L. Greenman, Buffalo, N. Y. (Di Pasquale, Pack, Hausbeck & Ball, Buffalo, N. Y., on brief), for appellant.

Before KAUFMAN, Chief Judge, and LUMBARD and SMITH, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the Western District of New York, Elfvin, J., which forfeited a 1974 Cadillac Eldorado under 21 U.S.C. § 881 and 49 U.S.C. §§ 781–788. There being no grounds for a finding of probable cause to believe that the subject vehicle had been used to carry or facilitate the sale of contraband, we reverse.

On May 26, 1976, Joseph Burns and Patricia Siracuse, agents of the Drug Enforcement Agency, prepared to purchase heroin from Willie E. Farrow in Niagara Falls, New York. Preliminary negotiations were conducted at an address on Ontario Avenue in that city; then the agents and Farrow proceeded separately to a second address, some eight blocks away, on 17th Street, where the sale was to be consummated. Farrow, who was dressed throughout in gym clothes, allegedly showed the agents a tinfoil packet—purportedly containing "the stuff"—while still at the Ontario Avenue address. Having arrived at 17th Street in a brown Valiant, Farrow went into a third-floor apartment, to which he invited the agents to come to sample the heroin. Upon their refusal, he returned to the alley below, prepared to make the sale.

At this point, two things occurred: Farrow announced that he thought he had seen a police car, and a pink Cadillac pulled into the alley, tailed by an undercover DEA vehicle. Farrow walked over to the Cadillac, in which his wife and children were riding along with Lawrence Bailey, his brother-in-law; he leaned into the car to talk, and, according to one of the DEA agents making the buy (but not the other) and a DEA surveillance agent, was seen to reach into the car with his hand.

Immediately thereafter, Farrow handed the heroin to Agent Burns, and Farrow and Bailey were arrested. Farrow asserted that his conversation with Bailey concerned a basketball game—for which he was dressed—to which he was to drive with Bailey; he insisted that he had already been in possession of the heroin for the sale at the Ontario Avenue address, and that the Cadillac had had nothing to do with the transaction. At the end of the government's case, charges against Bailey were dismissed. *United States v. Farrow,* Cr. No. 76–71 (W.D.N.Y.).

Applying the test set forth in our recent decision in *United States v. One 1974 Cadillac Eldorado Sedan,* 548 F.2d 421, 423 (2d Cir. 1977), we find an insufficient nexus between the Cadillac and the drug transaction to warrant forfeiture. The evidence all points to Farrow's having had possession of the heroin before the Cadillac arrived on the scene; the disputed testimony concerning Farrow's hand motion within the car, even if true, does not justify the conclusion that the heroin had been transported in the Cadillac.

The government argues that, since another drug dealer who was cooperating with the DEA agents, Homer Walker, was familiar with the Cadillac, it must have been used to facilitate previous drug transactions. We are unpersuaded by this reasoning. Contrary to the government's assertion, no such past use was ever set forth by

Walker, but only his knowledge of the existence of the Cadillac.

In short, we find that the government has failed to demonstrate any grounds for forfeiture of the Cadillac, and accordingly we reverse.