UNITED STATES of America, Plaintiff,

v.

$10,000 U.S. CURRENCY, Defendant,

Joseph J. Rolenc, Claimant.

UNITED STATES of America, Plaintiff,

v.

ONE 1980 CADILLAC, Defendant,

Joseph J. Rolenc, Claimant.

Nos. 81 C 139, 80 C 5710.

United States District Court,
N. D. Illinois, E. D.

Aug. 31, 1981.

**1254**

Thomas P. Walsh, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Gerald M. Werksman, Chicago, Ill., for defendants.

---

1. This Court there applied the Supreme Court's decisions in *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) and *Arkansas v. Sanders,* 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979) in light of the subsequent directives from our Court of Appeals, most recently in *United States v. Graham,* 638 F.2d 1111 (7th Cir. 1981). Since then the Supreme Court has added some answers (and some questions as well) to the area by its sharply divided decisions in *Robbins v. Califor-*

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

In these consolidated actions the United States seeks to forfeit two types of property seized from Joseph Rolenc ("Rolenc") August 8, 1980: $10,000 in United States currency and Rolenc' 1980 Cadillac. Rolenc has filed a claim in each proceeding. For the reasons stated in this memorandum opinion and order Rolenc' claim is denied and both the currency and the Cadillac are forfeited to the United States.

### Facts

By agreement of the parties the cases have been submitted on the record in the criminal proceedings against Rolenc and his co-defendant, Edward Fleming, 80 CR 712. In that case the Court authored a February 20, 1981 memorandum opinion and order denying the Fleming-Rolenc motion to suppress,[1] an April 21, 1981 memorandum opinion and order denying another suppression motion and May 7, 1981 findings under Fed. R.Crim.P. 23(c), pursuant to which Rolenc was found guilty of an attempt to possess cocaine with the intent to distribute it. In addition to the record in the criminal case the parties have stipulated that Rolenc owned the Cadillac and drove it from his residence to the scene of the arrest just before that arrest.

### Forfeiture of the Currency

■ Consistently with its decision in the criminal case the Court finds that Rolenc' $10,000 in currency was "intended to be furnished by [Rolenc] in exchange for a controlled substance [Fleming's cocaine] in violation of" Subchapter I ("Control and Enforcement") of Chapter 13 ("Drug Abuse

*nia,* —— U.S. ——, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981) and *New York v. Belton,* —— U.S. ——, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). Though both cases were characterized as involving the "automobile exception" to the Fourth Amendment, *Belton*'s language upholding a "search incident to a lawful custodial arrest" appears to support this Court's denial of the motion to suppress. *Cf., United States v. Monclavo-Cruz,* 662 F.2d 1285 (9th Cir. 1981).

Prevention and Control") of United States Code Title XXI. That being the case there is no question that 21 U.S.C. § 881(a)(6) mandates forfeiture of the currency to the United States.

### Forfeiture of the Cadillac

Were this case one of first impression this Court would be strongly disinclined to impose on Rolenc the harsh result of forfeiting his Cadillac as well as the $10,000. But it is not, and the forfeiture result is compelled by the combination of two factors:

  (1) the burden of proof placed on Rolenc and

  (2) the case law applying the forfeiture statute.

On the burden of proof issue the law is clear. As part of the forfeiture laws relating to transactions in contraband, 21 U.S.C. § 881(d) incorporates by reference all the provisions of like forfeiture statutes in the customs area. One of those statutes, 19 U.S.C. § 1615, imposes the burden of proof on the claimant. *United States v. One 1976 Mercedes Benz*, 618 F.2d 453, 456 (7th Cir. 1980). That means that, wholly unlike the situation in Rolenc' criminal proceedings tried by the Court, "ties go in favor of the runner"—the government. Once probable cause exists for the institution of forfeiture proceedings, as it plainly does in this case, Rolenc has the burden of demonstrating the inapplicability of the statute to his facts.

When the forfeiture statute (in this case 21 U.S.C. § 881(a)(4)) deals with means of transportation such as automobiles, it does not limit the forfeiture result to vehicles that have actually carried narcotics—in statutory language, "used . . . to transport" controlled substances. It also makes subject to forfeiture all conveyances such as automobiles:

  (1) "intended for use to transport" or

  (2) "used . . . in any manner to facilitate the . . . receipt" of the contraband.

There is no direct evidence in the record that the Cadillac was "intended for use to transport" the cocaine. Because Rolenc was arrested on the steps of the Fleming residence immediately *before* the contemplated transaction (hence the indict-

ment for "attempt"), there are obviously a number of other possibilities. This Court must however find that given Rolenc' *arrival* on the scene many miles from his own residence—with the money in the brown paper bag—in the Cadillac, Rolenc' *departure* in the Cadillac—with the cocaine in the other brown paper bag Fleming had brought for purposes of the exchange—was the most probable result of the completion of that intended exchange. That being the case, the inexorable result of the burden of proof provision would appear to be that Rolenc has not discharged his burden of demonstrating that any of the other range of possibilities he has outlined supports a denial of forfeiture. Such a result does call on an evidentiary rule to carry a good deal of baggage, but that is the essential nature of burdens of proof.

Nonetheless the Court remains keenly aware of the punitive aspects of forfeitures and the general doctrine expressed by the Supreme Court in *United States v. One Ford Coach*, 307 U.S. 219, 226, 59 S.Ct. 861, 865, 83 L.Ed. 1249 (1939):

  Forfeitures are not favored; they should be enforced only when within both letter and spirit of the law.

Accordingly it will also review the alternative application of the "facilitation" provision of the statute.

Our own Court of Appeals has not dealt with this issue in recent years. Its only opinion close to the issue (cited by neither party) included a dictum that, if followed, would require the Cadillac's forfeiture. In *United States v. One 1957 Lincoln Premiere*, 265 F.2d 734, 736 (7th Cir. 1959) Melvin Harris had been arrested after leaving the car and was then found to have narcotics in his possession. Though the Court considered that the evidence established that the car had actually been used to transport narcotics before the arrest, it also said:

  Even if we were to adopt the theory that the narcotics were received by or delivered to Harris after he arrived at 62nd and Stony Island, which is highly improbable to say the least, he would still have utilized the defendant automobile to fa-

cilitate the receipt or possession of the narcotics. There is no other possibility. Accordingly it is immaterial whether we adopt the theory of the Government or the claimant, in either event the evidence clearly shows that Melvin Harris used the defendant automobile in violation of the statute.

That construction of the term "facilitate" would clearly extend to Rolenc' situation in this case.

Several of the recent cases from other Courts of Appeal plainly lead to the same result, and none would insulate Rolenc from forfeiture:

(1) *United States v. One 1974 Cadillac Eldorado Sedan,* 548 F.2d 421 (2d Cir. 1977) upheld a forfeiture where the relationship of the car to the narcotics transaction was much more attenuated than here. There the car was used only to transport the prospective narcotics sellers to a meeting that led to a sale *three days later,* and the Court said, 548 F.2d at 426:

If the purpose of the statute is, as Congress indicated, to reduce the profits of those who practice this nefarious profession, we are loathe to make the forfeiture depend upon the accident of whether dope is physically present in the vehicle. Its use to transport the peddler or his confederates to the scene of the sale or to a meeting where the sale is proposed is sufficient.

(2) In *United States v. One 1974 Cadillac Eldorado,* 575 F.2d 344 (2d Cir. 1978) the same Court of Appeals reversed a forfeiture where the drug dealer already had the heroin in his possession for delivery to DEA agents. At that point his brother-in-law, wife and children appeared in a Cadillac—the evidence was that they were to drive to a basketball game for which the dealer was in fact dressed. In the subsequent criminal proceedings the charges against the brother-in-law had been dismissed at the end of the government's case. Understandably the Court found "that the government has failed to demonstrate any grounds for forfeiture of the Cadillac" (575 F.2d at 346).

(3) In *United States v. One 1971 Chevrolet Corvette,* 496 F.2d 210, 212 (5th Cir. 1974) the Court of Appeals rejected forfeiture on the facts, though it approved a legal test that would uphold forfeiture here:

It is commonly stated that any use of an automobile that "makes easy or less difficult" or "lessens the labor of" the handling of contraband constitutes facilitation within the meaning of section 781.

Claimant had driven the car five blocks to pick up *another* car, and the Court held that was "not enough to support a finding of probable cause that it facilitated the ultimate transaction" (*id.*). Because the Court said that the "Corvette did not become involved in the criminal act by virtue of the decision *not* to use it" (emphasis in original), the implication is clear that the other car actually used to get to the rendezvous point *would* have been subject to forfeiture.

(4) In the most recent decision, *United States v. One 1972 Chevrolet Corvette,* 625 F.2d 1026 (1st Cir. 1980), forfeiture was reversed where the car had been used three days *after* a drug transaction. There the owner had used the car only to drive to a prearranged meeting place to collect the money due from the prior transaction. In its review of the other case law, the Court of Appeals said, 625 F.2d at 1029:

We find no decision upholding forfeiture on the basis of the facilitation clause in which there was not an antecedent relationship between the vehicle and the sale of narcotics.

Again the case would not support relief from forfeiture here.

Two earlier cases, *Howard v. United States,* 423 F.2d 1102 (9th Cir. 1970) and *Platt v. United States,* 163 F.2d 165 (10th Cir. 1947), did adopt the approach that, 423 F.2d at 1104:

The use of an automobile to commute to the scene of a crime does not justify the seizure of that automobile under Sections 781 and 782.

However, as the Court of Appeals for the Second Circuit pointed out in the case mentioned in ¶ 1, those decisions antedated the broadening of the forfeiture statute when Section 881 was enacted, to require "forfeiture of vehicles used or intended to be used '*in any manner* to facilitate the transportation . . . [or] sale' of a controlled substance" (548 F.2d at 425, emphasis in original). That difference, together with the language from our own Court of Appeals earliest referred to in this opinion, makes plain that the weight of controlling authority does mandate forfeiture of Rolenc' Cadillac.

### Conclusion

Rolenc' claim to the $10,000 in United States currency and the 1980 Cadillac, both of which are the subject of these proceedings, must be and is denied. Forfeiture of both items of property is ordered in favor of the United States.