UNITED STATES of America

v.

$23,530 IN UNITED STATES CURRENCY.

Civ. No. Y–83–4060.

United States District Court, D. Maryland.

Jan. 25, 1985.

⌐5

Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., for plaintiff.

Charles W. Halleck, Gaithersburg, Md., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

This action concerns the forfeiture of $23,530 in cash seized from the claimant, Mack Wilson, during a drug transaction in the men's room of a Holiday Inn. The government contends that Wilson intended to use the money for the purchase of drugs in that transaction, and that therefore the money is subject to forfeiture under 21 U.S.C. § 881(a)(6). That section provides for the forfeiture of "all money, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance." Wilson contends that he did not intend to supply the $23,530 in exchange for drugs and that the money is therefore not subject to forfeiture.

The underlying facts are as follows:

On November 25, 1983, claimant Mack Wilson, Jr. was convicted upon a plea of guilty of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. In the statement of facts which the government alleged it would have proved had the matter gone to trial, which was read to the Court at the time it accepted Mr. Wilson's plea, it was stated that the money was intended to be used for the drug transaction. Wilson contested the statement that the entire sum of money was to be used to purchase drugs, but admitted that "quite a large sum" was to be used for the purchase of marijuana. It was also alleged that Wilson committed other acts in furtherance of the conspiracy and that he was aware of the conspiracy to distribute a large quantity of marijuana. This Court accepted Wilson's plea of guilty at that time.

The government contends that Wilson's conviction on the charges of conspiracy to distribute should be sufficient to dispose of the issue of whether the money was intended to be used for the purchase of marijuana and is therefore subject to forfeiture.

Presently before the Court is the government's motion for summary judgment and the claimant's opposition to that motion. The government has argued that the claimant is collaterally estopped from claiming that this money was to be used in the drug transaction because of his plea of guilty to the conspiracy charge. The government's theory is that because the claimant pleaded guilty to the charge of conspiracy, he necessarily admitted that the money he was carrying with him at the time of his arrest was intended to be used to purchase drugs, in furtherance of the conspiracy. The claimant has opposed this view, arguing that the question of whether money in Wilson's possession was intended to be used to purchase marijuana is still very much in dispute despite the plea of guilty. A hearing was held before the Court on December 14, 1984, and testimony concerning the drug transaction in question was heard. The parties agreed that the matter of the forfeiture could be decided by the Court on the basis of that hearing regardless of the Court's decision on the motion for summary judgment.

■ For reasons set forth herein, the government's motion for summary judgment will be denied. Generally, a defendant who pleads guilty may be held to be estopped in subsequent civil litigation from contesting facts representing essential elements of the crime to which he pleads guilty. *See* Restatement (Second) of Judgments § 133 Comment b. In *Ivers v. United States*, 581 F.2d 1362 (9th Cir.1978), a case involving the forfeiture of money illegally carried into the United States, the court noted that although Ivers contended that he was ignorant of the reporting requirements, "this contention cannot survive his plea of guilty." "We must take his plea of guilty to be an admission of each and every essential element of the offense charged, including the element of knowledge and willfulness. This being so, Ivers is now, in a suit arising out of the same transaction and involving the same parties, collaterally estopped from denying that he willfully and knowingly failed to report the currency in his possession." *See also*

*Brazzell v. Adams*, 493 F.2d 489 (5th Cir. 1974) (prisoner is estopped from denying essential elements in a § 1983 action after a guilty plea).

■ In general, however, the rules of collateral estoppel would seem to require that an issue be fully and actually litigated in another proceeding before a person would be estopped from claiming it in a subsequent proceeding. In *Prosise v. Haring*, 667 F.2d 1133 (4th Cir.1981), the Fourth Circuit held that a judgment based on a guilty plea should not have preclusive effect as to potential but not actually litigated issues regarding the exclusion of evidence on Fourth Amendment grounds. The court based its conclusion in large part on the idea that "among the most critical guarantees of fairness in applying collateral estoppel is the guarantee that the party sought to be estopped had not only a full and fair opportunity but also had an adequate incentive to litigate to the hilt." The court found that with respect to issues representing the very elements of the crime charged, the adequacy of the incentive to litigate was manifest in relation to any guilty plea. The court reasoned, however, that there might be no real incentive to seek suppression of some evidence if the state had other evidence that would overwhelmingly lead to conviction.

■ The same reasoning would seem to apply in this case. The question of whether Wilson intended to furnish the $23,530 in exchange for drugs was not preclusively established unless it was an element of the crime to which he pleaded guilty. The government has argued that the only overt act to which Wilson pleaded guilty was the act of furnishing the money for the drug transaction, but Wilson has argued, and the Court agrees, that there were other overt acts specified in the government's statement of facts that would satisfy the requirements that there be some overt act in furtherance of the conspiracy. Furthermore, Wilson did protest at the time of his rearraignment that he did not intend to furnish the entire $23,530 in exchange for

drugs. While Wilson did eventually admit that he intended to use "a large sum" to purchase drugs, that admission is hardly sufficient to establish that fact conclusively for collateral estoppel purposes. Wilson would not have had the incentive to litigate that issue "to the hilt" if there were other overt acts charged against him. Therefore, the government's motion for summary judgment on collateral estoppel grounds must be denied.

■ The claimant initially requested a jury trial on the forfeiture issue, but indicated at the hearing on December 14, 1984, that he was waiving his right to a jury trial and was content to have the Court decide the issue on the basis of the evidence presented at the hearing. That evidence consisted mostly of the testimony of the claimant, Mack Wilson, Jr., and of the government agent who was present at the drug transaction for which Wilson was allegedly to supply the money. Both Wilson and the government indicated that they had no other evidence that they could present. On the basis of the evidence presented, this Court holds that the $23,530 seized from Mack Wilson is subject to forfeiture.

■ The burden of proof in a forfeiture action is set forth in 19 U.S.C. § 1615, as incorporated by 21 U.S.C. § 881(d):

In all suits or actions ... brought for the forfeiture of any vessel, vehicle, merchandise, or baggage seized under the provisions of any law relating to the collections of duties on imports or tonnage, where the property is claimed by any person, the burden of proof shall lie upon such claimant.... *Provided,* that probable cause shall be first shown for the institution of such suit or action, to be judged of by the court.

Thus, once the government has met its burden of establishing probable cause to institute the forfeiture action, the burden then shifts to the claimant to show by a preponderance of the evidence that the property is not subject to forfeiture.

■ The probable cause which the government must show before it may insti-

tute a forfeiture proceeding is a reasonable ground for belief of guilt, supported by less than *prima facie* proof but more than a mere suspicion. *United States v. $22,287 in U.S. Currency,* 709 F.2d 442 (6th Cir. 1983), *United States v. $364,960 in U.S. Currency,* 661 F.2d 319 (5th Cir.1981). The government must also establish a nexus between the property to be forfeited and the criminal activity defined by the statute, here the exchange of a controlled substance. 661 F.2d at 323.

The government has established probable cause for instituting the forfeiture action. According to the testimony of the government agent who was involved in the drug transaction, Mack Wilson entered the men's room of the Holiday Inn and told the agent that the briefcase he carried contained money which he intended to use to purchase drugs. The agent claims that he asked to see the money and that Wilson showed him the bundles of cash, the entire contents of the briefcase, but he did not count it. The money was seized from Wilson's person directly following this incident, so there is no problem in establishing the nexus between the exchange and the currency. Furthermore, this testimony establishes that the government had a reasonable ground for believing that Wilson intended to furnish this cash in return for a large quantity of marijuana.

Because the government has shown probable cause, the burden shifts to the claimant, Wilson, who must show by a preponderance of the evidence that the forfeiture is not justified on the facts. *See United States v. $10,000 in U.S. Currency,* 521 F.Supp. 1253 (D.Ill.1981), *United States v. $4,255,625.39 in U.S. Currency,* 551 F.Supp. 314 (D.Fla.1982) (burden on the claimant to show that currency is not in violation of the statute or to show innocent ownership). Wilson must therefore establish that it is more likely true than not that he did not intend to use this money to purchase marijuana. Wilson testified at the hearing before this Court that he was carrying a large quantity of money with him on a trip to Atlantic City, that he just happened to stop and pick up a friend, his

co-defendant Richard Foster, who needed a ride to the Holiday Inn, and that he went into the Holiday Inn only to order a mixed drink. Wilson also testified that he was asked whether he wished to purchase some marijuana, but that when he replied that he did, he only meant to purchase a small quantity. He insists that he did not intend to use the entire $23,530 to purchase marijuana.

The Court finds that Wilson's testimony is not entirely credible. Wilson told the agent at the time of the transaction that he was there to purchase drugs, and when asked if he had the money, he showed the agent the entire quantity contained in the briefcase. Wilson's testimony that he just "happened" to pick up his friend, drive with him to this Holiday Inn, and participate unwillingly in this transaction does not seem plausible. Wilson's credibility was also strained by his testimony concerning where he obtained such a large sum of money. The Court is not convinced that the money was obtained through lottery winnings and "suitcases" (lawsuits which Wilson claims he won), and although the source of the money is not in issue in this proceeding, Wilson's lack of credibility on this issue affects the entire testimony.

On the other hand, the testimony of Agent Jennings, the government agent who was involved in the transaction, is entirely credible and indicates that Wilson was supplying the cash for the drug transaction. Of the two versions, one told by Wilson and the other by Agent Jennings, the testimony of Agent Jennings seems the more likely true.

Wilson has failed, therefore, to establish by a preponderance of credible evidence that the money is not subject to forfeiture. The Court is not convinced that Wilson's story is more likely true than not. Therefore, the money that was seized from Wilson at the time of the transaction will be forfeited to the United States as "money ... intended to be furnished by any person in exchange for a controlled substance." 21 U.S.C. § 881(a)(6).