**STATE of Utah, Plaintiff and Respondent,**

**v.**

**ONE 1982 SILVER HONDA MOTORCYCLE, UTAH REGISTRATION 5P218, VIN IHFSCO229CA235970, Defendant and Appellant.**

No. 860190–CA.

Court of Appeals of Utah.

April 8, 1987.

David L. Wilkinson, Atty. Gen., Diane W. Wilkins, Asst. Atty. Gen., for plaintiff and respondent.

Walker E. Anderson, Atty. for defendant and appellant.

Before BILLINGS, GREENWOOD and ORME, JJ.

## OPINION

BILLINGS, Judge:

Verd Erickson, owner of One 1982 Silver Honda Motorcycle ("Honda"), was convicted of three second degree felonies for unlawful distribution for value of a controlled substance. Subsequently, the State brought this forfeiture action against Honda under *Utah Code Ann.* § 58–37–13(1)(e) (1986). The Third Judicial District Court entered a judgment of forfeiture, which is appealed. We affirm the district court's judgment.

Receiving information that Verd Erickson ("Erickson"), a dentist, was over-prescribing and illegally distributing drugs to his patients, an undercover officer, Celeste Paquette ("Paquette"), met with Erickson at his dental office. Two additional officers, Alex Huggard ("Huggard") and Foster Mayo ("Mayo"), conducted a surveillance at Erickson's dental office and monitored discussions between Paquette and Erickson by means of a "wire" carried by Paquette. As a result of this undercover operation, Erickson was arrested and the Honda, valued at $8,449, was seized incident to the arrest. Erickson subsequently was convicted of three second degree felonies for unlawful distribution for value of a controlled substance. The State then brought this action seeking forfeiture of the Honda.

At the forfeiture trial, Paquette testified that on May 24, 1985, she met with Erickson at his office to purchase amphetamines. Erickson asked Paquette to wait, and he went outside. Standing in the waiting room and looking through the blinds, Paquette observed Erickson go to his motorcycle parked in front of his office and take something out of the saddlebag portion of the motorcycle. When Erickson returned, he had a small prescription bottle containing tablets which were later identified as amphetamines. Erickson stated he wanted street value, and sold the drugs to Paquette for sixty dollars in cash.

Officers Huggard and Mayo testified that while Paquette was in Erickson's office, they observed Erickson exit the dental office, walk to the motorcycle, open the saddlebag compartment, take a package or some small item out of it, close the compartment, and then walk back inside the dental office.

At trial, Erickson admitted he sold amphetamines to Paquette, but claimed he did not go to his motorcycle to get the drugs, as he had them in his coat pocket prior to the transaction.

After considering the evidence, the district court found that on May 24, 1985, Paquette obtained the contraband from Erickson; Erickson took the contraband from the Honda motorcycle; and there was probable cause for the police to make a warrantless arrest of Erickson. Accordingly, the district court concluded that the subject Honda should be forfeited to the State of Utah pursuant to *Utah Code Ann.* § 58–37–13(1)(e) (1986).[1]

## I

■ Honda contends the evidence presented at trial was insufficient to support a judgment of forfeiture. This Court reviews the evidence and all inferences which may reasonably be drawn from it in the light most favorable to the finder of fact. *State v. Booker*, 709 P.2d 342, 345 (Utah 1985). A judgment will be reversed

---

1. Section 58–37–13 of the Utah Code provides:
   (1) The following shall be subject to forfeiture and no property right shall exist in them:

   .   .   .   .   .

   (e) All conveyances including aircraft, vehicles or vessels used or intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of [contraband]....
   *Utah Code Ann.* § 58–37–13(1)(e) (1986).

only when the evidence so viewed is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt. *Booker,* 709 P.2d at 345; *State v. Petree,* 659 P.2d 443, 444 (Utah 1983); *accord State v. McCardell,* 652 P.2d 942, 945 (Utah 1982). As to conflicting evidence, this Court must accept the version of the facts which supports the judgment. *State v. Isaacson,* 704 P.2d 555, 556 (Utah 1985). As long as there is some evidence, including reasonable inferences, supporting the requisite elements of the crime, our inquiry stops. *Booker,* 709 P.2d at 345.

In support of its insufficiency of evidence claim, Honda relies on cases construing a similar federal statute.[2] These cases are easily distinguished. In *U.S. v. One 1972 Datsun,* 378 F.Supp. 1200 (D.C.N.H. 1974), the illegal drug was never transported by or concealed in the Datsun; no negotiation or sale was carried on in the car. The court, therefore, found an insufficient connection between the automobile and the criminal activity to allow forfeiture. *Id.* at 1206.

In *U.S. v. One 1976 Ford,* 769 F.2d 525 (8th Cir.1985), the court held that forfeiture of a truck observed on one occasion being used to inspect a marijuana crop was unwarranted but noted that in cases where there is evidence the vehicle was actually used to transport the illegal drugs, forfeiture is properly imposed. *Id.* at 526, 527.

Finally, in *U.S. v. One 1974 Cadillac,* 575 F.2d 344 (2nd Cir.1978), the court reversed a judgment of forfeiture where the alleged drug dealer had possession of the illegal drug before the vehicle arrived on the scene. *Id.* at 345.

■ There is ample evidence in our case that the Honda was used to conceal or transport the contraband. Paquette observed Erickson remove something from

the saddlebags of the Honda before he sold the drugs to her for "street value." Two undercover agents verified that something was removed from the Honda immediately prior to the drug sale. The brief visit to the motorcycle and removal of a small object in the midst of negotiations for the sale of amphetamines supports the trial court's findings that the Honda was used "to transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of [contraband]" as proscribed by the statute.

## II

■ Honda further contends that forfeiture of the motorcycle was unduly harsh considering the value of the motorcycle versus the amount of contraband drugs. In support of this argument, Honda relies on *State v. One Porsche 2–Door,* 526 P.2d 917 (Utah 1974), *overruled, State v. One 1983 Pontiac,* 717 P.2d 1338 (Utah 1986) (profit motive unnecessary for forfeiture).

In *One Porsche,* the owner of a Porsche automobile was arrested for speeding while driving the Porsche and charged with possession of one ounce of marijuana, a misdemeanor.[3] The Utah Supreme Court held that forfeiture was appropriate only where the automobile transports or conceals contraband to accomplish drug trafficking, not where possession of illegal drugs is for personal consumption, with incidental transportation. In interpreting the forfeiture statute, the court stated:

> [T]he *primary* and *sole purpose* of the statute *and the intent of the legislature* were directed exclusively toward the *transportation* of a controlled substance for distribution according to erstwhile law merchant principles, and not for personal possession and consumption.

*One Porsche,* 526 P.2d at 918–19 (emphasis in original). The court further noted that the forfeiture statute, if applied in *One*

---

**2.** (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

. . . .

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt,

possession, or concealment of [contraband]. . . .

21 U.S.C. 881(a)(4) (1981).

**3.** There is no indication of what disposition was made of that charge. *One Porsche,* 526 P.2d at 917.

*Porsche,* would lead to an unusually harsh result, as it would constitute a fine or penalty in excess of the $299 fine allowable for the misdemeanor of possession of marijuana.

Honda's reliance on *One Porsche* is misplaced. Our facts demonstrate concealment and/or transportation with an intent to distribute "according to erstwhile law merchant principles." Moreover, the underlying offenses leading to forfeiture in this case were three counts of unlawful distribution for value of a controlled substance, second degree felonies, *Utah Code Ann.* § 58–37–8(1)(b)(ii) (1986), which carry a maximum fine on each count of $10,000. *Utah Code Ann.* § 76–3–301(1) (1986). Forfeiture in this case is not inconsistent with *One Porsche.*

Furthermore, in *State v. One 1983 Pontiac,* 717 P.2d 1338 (Utah 1986), the Utah Supreme Court had an opportunity to reconsider, expand, and clarify *One Porsche.* The supreme court held that a lack of a profit motive was an improper basis for denial of the forfeiture petition. The court noted:

> As for the small amount of drugs involved, "[t]he courts have uniformly held that a vehicle is subject to forfeiture no matter how small the quantity of contraband found." ....
>
> As to the final point that the value of the car was disproportionate to the use made of the vehicle in transporting contraband, we hold that the value of the property seized is immaterial. The statute is devoid of any intent to the contrary. To hold that property would not be subject to forfeiture due to its value would seem to be contrary to the intent and purpose of the statute. The law was not meant to reward the drug dealer who is "prosperous in his traffic" by refusing to forfeit his expensive car. The statute manifests the opposite intent.

4. Without legal analysis or authority, Honda contends that *One Pontiac* is not controlling because the decision post-dates the trial. We decline to enter into a detailed analysis of this issue, *State v. Amicone,* 689 P.2d 1341, 1344 (Utah 1984), except to say that Honda's contention is without merit. *See Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56,

*One Pontiac,* 717 P.2d, 1341–42 (citations and footnotes omitted).[4] Under both *One Porsche* and *One Pontiac* forfeiture in this case is not "unduly harsh."

## III

 Finally, while the argument is inadequately developed, apparently Honda contends the trial court erred in denying its motions to suppress and dismiss. Erickson's conviction was affirmed on appeal, *State v. Erickson,* 722 P.2d 756 (Utah 1986), and is not now subject to collateral attack.

Affirmed. Costs to Respondent.

GREENWOOD and ORME, JJ., concur.

30 L.Ed.2d 296 (1971). For cases construing similar statutory language *see, e.g., U.S. v. One (1) 1982 28' International Vessel,* 741 F.2d 1319 (11th Cir.1984); *U.S. v. One 1975 Mercedes 280S,* 590 F.2d 196 (6th Cir.1978); *U.S. v. One 1975 Ford Pickup Truck,* 558 F.2d 755 (5th Cir.1977); *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).